# IN THE COURT OF CHANCERY OF THE STATE OF DELAWARE

TRELLIS SOFTWARE, INC., )
)
Plaintiff, )
)
v. ) C.A. No. 2026-0114-PAF
)
CLEARLIST HOLDINGS, LLC, GTS )
MANAGEMENT PARTNERS LLC, )
ARI RUBENSTEIN, and PATRICK )
MURPHY, )
)
Defendants. )

## ORDER DENYING PLAINTIFF'S APPLICATION TO CERTIFY AN INTERLOCUTORY APPEAL

WHEREAS:[1]

A. Plaintiff Trellis Software, Inc. ("Trellis" or "Plaintiff") seeks certification of an interlocutory appeal of this court's June 30, 2026 Letter Opinion and implementing order (collectively the "Decision"). The Decision stayed this action pending arbitration, concluding that the parties delegated questions of substantive arbitrability to an arbitrator, not the court.

B. Trellis and Defendant ClearList Holdings LLC ("ClearList," collectively with defendant GTS Management Partners LLC, "Defendants") entered

---

[1] Unless otherwise defined herein, citations to the docket in this action are in the form of Dkt. [#]. The operative complaint, Dkt. 1, will be cited as "Compl." Citations to the court's decision at Dkt. 53 will be cited as "Decision."

into eight agreements on March 4, 2020.[2] The agreements were executed as part of a transaction by which Trellis and ClearList agreed to an equity swap and for Trellis to provide software and technology support services to ClearList.[3] As a result, Trellis became a member of ClearList, and ClearList became a stockholder of Trellis.[4]

C.    Three of the agreements are pertinent to the dispute: the Operating Agreement of ClearList Holdings LLC (the "OA"), the ClearList Holdings LLC Subscription Agreement (the "Subscription Agreement"), and a Services Agreement (the "Services Agreement").[5] On September 20, 2021, the parties entered into the Amended and Restated Operating Agreement of ClearList Holdings LLC (the "AOA"), which did not alter the terms pertinent to the dispute and this court's Decision.[6]

D.    The AOA designates courts in Delaware as the exclusive forum for any "proceeding seeking to enforce any provision of, or based on any matter arising out of or in connection with, [the OA], or the transactions contemplated hereby."[7] The

---

[2] Dkt. 41 at 2–3; Dkt 56 ("Application") at 3–4. The Plaintiff has withdrawn its claims against the individual defendants. *See* Dkt. 49.

[3] Decision at 2.

[4] *Id.*

[5] *Id.*; *see* Compl. Exs. 2, 3, 4.

[6] Decision at 2; *see* Compl. Ex. 1 (the "AOA").

[7] AOA § 9.15(a).

Subscription Agreement does not expressly designate any forum for dispute resolution. The Services Agreement provides for "[a]ny dispute arising out of or related to [the Services] Agreement . . . and [which] is reasonably expected to exceed Twenty-Five Thousand Dollars ($25,000)" to be submitted to "arbitration under the rules of the American Arbitration Association ('AAA') then in effect."[8]

E.     The Subscription Agreement specifies that it, the OA, and the Services Agreement "constitute the full and entire understanding and agreement of the parties hereto with respect to the subject matter hereof."[9] The AOA integrates "any subscription agreements. . . , side letters, or similar agreements,"[10] and specifies that "any terms contained in a side letter or similar agreement to or with a Member shall govern with respect to such member notwithstanding the provisions of this [AOA] or any subscription agreement."[11]

F.     ClearList has instituted an arbitration action in New York alleging that Trellis breached the Services Agreement and fraudulently induced ClearList to enter into the Subscription Agreement and the Services Agreement.[12] Among the requests

---

[8] Compl. Ex. 3 ("Services Agreement") §§ 6.08, 6.11. Plaintiff does not contest the validity of the arbitration provision in the Services Agreement. *See* Decision at 23–24.

[9] Compl. Ex. 2 (the "Subscription Agreement") § 5(j).

[10] AOA § 9.3.

[11] *Id*.

[12] Compl. Ex. 9.

for relief in the arbitration is rescission of Trellis's membership interest in ClearList or, alternatively, damages. The arbitration claims do not include any reference to the OA or the AOA.

G.     In this action, Trellis seeks to enjoin the arbitration, contending that the request for rescission of Trellis's membership interest in ClearList implicates the AOA's exclusive forum clause and must be litigated in this court. ClearList has moved to dismiss or stay in favor of arbitration.

H.     After considering the terms of the three pertinent agreements and applying well-established principles of contract construction, the court concluded that the parties had clearly and unmistakably delegated substantive arbitrability questions to the arbitrator. Thus, the court granted ClearList's motion to stay this action.

NOW, THEREFORE, the court having considered Plaintiff's application to certify an interlocutory appeal (the "Application") and the criteria set forth in Supreme Court Rule 42, IT IS HEREBY ORDERED, this 30th day of July, 2026, as follows:

1.     A party seeking to appeal an interlocutory order faces a high burden. "Interlocutory appeals should be exceptional, not routine, because they disrupt the normal procession of litigation, cause delay, and can threaten to exhaust scarce party and judicial resources." Supr. Ct. R. 42(b)(ii). "No interlocutory appeal will be

4

certified by the trial court or accepted by [the Delaware Supreme] Court unless the order of the trial court decides a substantial issue of material importance that merits appellate review before a final judgment." Supr. Ct. R. 42(b)(i).

2. A party seeking interlocutory review must satisfy a two-part test. First, it must demonstrate that the interlocutory order decided a substantial issue of material importance. If the petitioner satisfies that element, the court will consider whether the following eight factors support the application to certify an interlocutory appeal:[13]

> (A) The interlocutory order involves a question of law resolved for the first time in this State; (B) The decisions of the trial courts are conflicting upon the question of law; (C) The question of law relates to the constitutionality, construction, or application of a statute of this State, which has not been, but should be, settled by this Court in advance of an appeal from a final order; (D) The interlocutory order has sustained the controverted jurisdiction of the trial court; (E) The interlocutory order has reversed or set aside a prior decision of the trial court, a jury, or an administrative agency from which an appeal was taken to the trial court which had decided a significant issue and a review of the interlocutory order may terminate the litigation, substantially reduce further litigation, or otherwise serve considerations of justice; (F) The interlocutory order has vacated or opened a judgment of the trial court; (G) Review of the interlocutory order may terminate the litigation; or (H) Review of the interlocutory order may serve considerations of justice.

Supr. Ct. R. 42(b)(iii). After considering the factors articulated in Supreme Court Rule 42(b)(iii) and making its "own assessment of the most efficient and just

---

[13] *See In re Carvana Co. S'holders Litig.*, 2022 WL 4661841, at *1 (Del. Ch. Oct. 3, 2022), *appeal refused sub nom.*, *Garcia v. Franchi*, 285 A.3d 1205 (Del. 2022) (ORDER).

5

schedule to resolve the case," the court "should identify whether and why the likely benefits of interlocutory review outweigh the probable costs, such that interlocutory review is in the interests of justice.  If the balance is uncertain, the trial court should refuse to certify the interlocutory appeal."  *Id.*

3.      Plaintiff argues that the Decision decided a "substantial issue of material importance"[14] and that the Application satisfies two of the considerations articulated in Rule 42(b)(iii).[15]

4.      A substantial issue of material importance is one that "relate[s] to the merits of the case."  *Castaldo v. Pittsburgh-Des Moines Steel Co., Inc.*, 301 A.2d 87, 87 (Del. 1973); *see Danaher Corp. v. Stumpe*, 2026 WL 1847226, at *4 (Del. Ch. June 26, 2026); *3850 & 3860 Colonial Blvd., LLC v. Griffin*, 2015 WL 1726722, at *2 (Del. Ch. Mar. 30, 2015), *appeal refused*, 113 A.3d 1082 (Del. 2015) (ORDER); *Sprint Nextel Corp. v. iPCS, Inc.*, 2008 WL 2861717, at *1 (Del. Ch. July 22, 2008), *appeal refused*, 956 A.2d 31 (Del. 2008) (ORDER); *TowerHill Wealth Mgmt., LLC v. Bander Fam. P'ship, L.P.*, 2008 WL 4615865, at *2 (Del. Ch. Oct. 9, 2008), *appeal refused*, 962 A.2d 256 (Del. 2008) (ORDER), *and cert. denied*, 556 U.S. 1153 (2009).   "The substantial issue requirement is not met where no final determination was made on the merits of plaintiff's claims."  *JB & Margaret*

---

[14] Application at 7–9.

[15] *Id.* at 10–14.

6

*Blaugrund Found. v. Guggenheim Funds Inv. Advisors, LLC*, 2023 WL 2562933, at *3 (Del. Ch. Mar. 17, 2023) (ORDER) (citation modified), *appeal refused*, 294 A.3d 64 (Del. 2023) (ORDER); *accord In re Sears Hometown and Outlet Stores, Inc. S'holder Litig.*, 2025 WL 882587, at *5 (Del. Ch. Mar. 21, 2025), *appeal refused sub nom.*, *Lampert v. Cannon Square, LLC*, 340 A.3d 1151 (Del. 2025) (ORDER); *but see In re Carvana*, 2022 WL 4661841, at *1 (observing that "the Supreme Court has accepted interlocutory appeals of non-merits-based questions that implicate significant issues under Delaware law").

5.      "[T]he Supreme Court has repeatedly denied attempts to appeal from unfavorable rulings on arbitrability."  *TowerHill*, 2008 WL 4615865, at *2 (collecting cases); *see also Norwest Venture P'rs XIV, LP v. Andreacchi*, 332 A.3d 471 (Del. 2024) (ORDER) (denying interlocutory review of the trial court's decision that the parties claims must be arbitrated because "[e]xceptional circumstances that would merit interlocutory review of the [trial court]'s decision do not exist in this case."); *3850 & 3860 Colonial Blvd.*, 2015 WL 1726722, at *3 ("[C]ertifications of interlocutory appeals from decisions regarding arbitration are rarely granted because their circumstances are not 'extraordinary or exceptional.'" (quoting *Sprint Nextel*, 2008 WL 2861717, at *1)).

6.      As here, questions of substantive arbitrability do not establish a substantial issue because whether claims are arbitrable or must be heard in this court

do not go to the actual merits of the claims in arbitration. *See TowerHill*, 2008 WL 4615865, at \*2 (stating that questions of substantive arbitrability do not "go to the actual merits of those claims."); *Israel Discount Bank of New York v. First State Depository Co., LLC*, 2012 WL 5359296, at \*2 (Del. Ch. Oct. 31, 2012) (concluding that questions of arbitrability do not relate to the merits of a claim "because the parties' rights will be adjudicated as efficiently, promptly and economically in Delaware courts as they would be in arbitration were defendants subject to that process." (citation modified)) *appeal refused*, 55 A.3d 838 (Del. 2012) (ORDER).

7. Plaintiff's Application completely ignores this line of authority. [16] Instead, Plaintiff advances two arguments to satisfy the substantial issue prong. First, Plaintiff contends the Decision decided an "important and unsettled question of law," which Plaintiff articulates as follows: "when there are multiple agreements between the parties, one of which includes an arbitration clause but the others are either silent or have mandatory Delaware forum-selection clauses, does the 'who decides arbitrability' question depend on whether or not the party demanding arbitration explicitly invoked an arbitration-free agreement in its [arbitration]

---

[16] *See Williams v. Toll Bros. Builders*, 257 A.3d 1022 (Del. 2021) (ORDER) ("A lawyer is not required to make a disinterested exposition of the law, but must recognize the existence of pertinent legal authorities.").

8

pleadings."[17]  Second, Plaintiff asserts that the Decision determined Trellis's legal right to have the court determine substantive arbitrability.[18]

8.  Plaintiff's attempt to create a substantial question out of the court's Decision is unpersuasive.  The Decision did not relate to the merits of the dispute and did not decide an unsettled question of law.  Rather, the court considered the interrelationship of three contracts, applied well-established canons of contract construction, and determined that the parties had clearly and unmistakably intended to delegate the question of substantive arbitrability to the arbitrator.  *See S'holder Rep. Servs. LLC v. DC Cap. P'rs Fund II, L.P.*, 2022 WL 782307, at *2 (Del. Ch. Mar. 15, 2022) ("Decisions interpreting the effect of an arbitration clause on subject matter jurisdiction, for example, are routine and typically do not rise to the level of material importance warranting interlocutory appeal.").  In fact, the Decision hues closely to another decision of this court, *BuzzFeed Media Enters., Inc. v. Anderson*, 2024 WL 2187054 (Del. Ch. May 15, 2024).  Plaintiff may be displeased that the court followed *Buzzfeed*, but the Decision was not a novel ruling on substantive arbitrability.

---

[17] Application at 7–8.

[18] *Id.* at 9.

9.     Although the inquiry could end here,[19] application of the Rule 42(b)(iii) factors also demonstrates that certification of an interlocutory appeal is not warranted.  The Plaintiff focuses only on two of the eight factors:  (i) whether the Decision conflicts with other trial court decisions on a question of law, and (ii) whether interlocutory review would serve considerations of justice.[20]

10.     "Generally, for court decisions to be conflicting upon a question of law, they must disagree about legal standards.  Courts will not be found to have made conflicting decisions on a question of law if they merely found factual distinctions that dictated differing outcomes under the same legal standard." *JB & Margaret Blaugrund Found.*, 2023 WL 2562933 at *6 (citation modified).

11.     Plaintiff attempts to manufacture a conflict by pointing to a transcript ruling in *Praeger v. Dr. Praeger's Sensible Foods LLC*, C.A. No. 2025-0332-JTL (Del. Ch. July 14, 2025) (TRANSCRIPT).  Plaintiff avers that the court in *Praeger* "*held* that the conflict between an arbitration agreement and a forum selection

---

[19] "Whether an order decided a substantial issue of material importance is a gatekeeping inquiry.  Indeed, absent a substantial issue of material importance, a Rule 42 applicant never gets out of the blocks." *Northrop Grumman Innovation Sys., Inc. v. Zurich Am. Ins. Co.*, 2021 WL 772312, at *3 (Del. Super. Ct. Mar. 1, 2021) (citing *Traditions, L.P. v. Harmon*, 226 A.3d 1139, 1139 (Del. 2020) (ORDER)), *appeal refused sub nom.*, *Nat'l Union Fire Ins. Co. of Pittsburgh, PA v. Northrop Grumman Innovation Sys., Inc.*, 248 A.3d 922 (Del. 2021) (ORDER).

[20] Application at 10–14.

clause—standing alone—is sufficient to deprive the arbitrator of delegated authority over arbitrability."[21]

12.     *Praeger* made no holding or finding that is in conflict with the Decision.  *Praeger* addressed substantive arbitrability when multiple agreements with conflicting forum selection provisions are invoked in the arbitration demand.  *Praeger,* No. 2025-0332-JTL at 18:20–24.  The court held the parties had not delegated the question of substantive arbitrability to an arbitrator, reasoning that "[w]hen you have these types of forum selection provisions that *both apply to a dispute*, it cannot be said that the parties intended clearly and unmistakably to submit the question of substantive arbitrability to the arbitrator."  *Id.* at 18:22–19:3 (emphasis added).  Unlike in *Praeger*, the arbitration demand here did not invoke contracts with conflicting forum selection provisions that applied to the dispute.  Rather, the court held that, reading the three agreements together, there was no conflict on the question of who decides substantive arbitrability when claims are brought under the Subscription Agreement and Services Agreement.

13.     Plaintiff's perceived conflict in trial court decisions is based upon an observation made in *Praeger* about *Buzzfeed*, a case which the Decision followed.  But *Praeger* did not actually decide anything that conflicted with the decision in

---

[21] Application at 10 (emphasis added).

11

*Buzzfeed* or the Decision in this case. *Praeger* acknowledged that the case was factually dissimilar to *Buzzfeed*, stating: "I don't think that this is a *Buzzfeed* [] situation."[22] Although the court expressed some disagreements with certain portions of *Buzzfeed*, it was not a decision that establishes a conflict upon a question of law. The Decision specifically noted the *Praeger dicta*, but did not disagree with or conflict on any questions of law addressed by *Praeger*. The court does not consider *Praeger*, *Buzzfeed*, and the Decision to be decisions conflicting upon a question of law under Rule 42(b)(iii)(B). *See In re Facebook, Inc. Deriv. Litig.*, 2021 WL 5098894, at *3 n.15 (Del. Ch. Nov. 2, 2021) (refusing to find a conflict on a question of law where the facts were "circumstantially distinct" and the portions the applicant cited as conflicting were dicta), *appeal refused sub nom.*, *Empls.' Ret. Sys. of R.I. v. Sbriglio*, 265 A.3d 995 (Del. 2021) (ORDER).

---

[22] *Praeger*, C.A. No. 2025-0332-JTL, at 62:17–18. The court in *Buzzfeed* addressed the court's role in determining substantive arbitrability when the arbitration demand only invokes an agreement between the parties that contains an arbitration agreement and does not address those agreements without an arbitration agreement. The court in *Buzzfeed* held that the court is only to look at those agreements expressly invoked by the arbitration demand. 2024 WL 2187054, at *12. The court in *Buzzfeed* also noted that to look at the other agreements not contained within the four corners of the arbitration demand would, effectively, create a new type of "wholly groundless exception" circumventing *Henry Schein, Inc. v. Archer & White Sales, Inc.*, 586 U.S. 63 (2019). 2024 WL 2187054, at *18. Prior to the Supreme Court's decision in *Henry Schein*, Delaware and some other courts would refuse to defer the question of substantive arbitrability to the arbitrator if it was clear that the claim of arbitrability was "wholly groundless." Decision at 22 n.34 (citing *McLaughlin v. McCann*, 942 A.2d 616, 626 n.41 (Del. Ch. 2008)). *Henry Schein* struck down the wholly groundless exception. *Gulf LNG Energy, LLC v. Eni USA Gas Mktg. LLC*, 242 A.3d 575, 586 (Del. 2020).

12

14.     Interlocutory review of the Decision will not "serve considerations of justice." Supr. Ct. R. 42(b)(iii)(H). This factor is satisfied "when the party applying for interlocutory review is in peril of irreparable harm and the other party is not." *Roman Cath. Diocese of Brooklyn, N.Y. v. Navarro*, 2023 WL 5551018, at \*3 (Del. Super. Ct. Aug. 28, 2023) (citing *DG BF, LLC v. Ray*, 237 A.3d 70, 70 (Del. 2020) (ORDER)), *appeal refused*, 305 A.3d 352 (Del. 2023) (ORDER).

15.     The Plaintiff does not argue it will be irreparably harmed absent an interlocutory review, only that "the arbitration will proceed and conclude before any final, appealable judgment is rendered in court that would allow the Supreme Court to clarify the governing law . . . and is the only feasible means for obtaining appellate review."[23]   Not so.   The Plaintiff's claims are stayed, pending the arbitrator's decision on arbitrability.  If the arbitrator decides that the Defendants' claims are not arbitrable, then this court will hear the case, and the Plaintiff will have an opportunity to appeal the Decision after a final judgment.  If the arbitrator decides instead that the claims are arbitrable, the Plaintiff could still prevail on the merits in the arbitration.  Alternatively, even if the Plaintiff does not prevail on the merits, the arbitrator could conclude that the rescissory remedy that ClearList seeks is unavailable or not warranted.  And if the arbitrator were to order recission of

---

[23] Application at 13.

Plaintiff's equity interest in ClearList, then Plaintiff will have an opportunity to challenge that decision in this court upon the conclusion of arbitration, and then will have an opportunity to appeal the Decision. Thus, it will be possible for Plaintiff to appeal the Decision after a final judgment; whether Plaintiff will be incentivized to do so is a different question, and one which does not alter this court's analysis.

16. There is no irreparable harm in arbitrating arbitrability when the parties expressly agreed to do so. "[Trellis] cannot now complain that its [] rights are being trampled simply because the clear contracts it signed are being enforced." *TowerHill*, 2008 WL 4615865, at *3. Additionally, the Plaintiff has failed to distinguish how this circumstance is any different than any other case which sends a dispute to arbitration such that this specific case implicates considerations of justice. The court is unpersuaded that considerations of justice would be served by interlocutory review.

17. The decision to certify an interlocutory appeal does not turn solely on whether the challenged order "decides a substantial issue of material importance," but whether it is also one that "merits appellate review before a final judgment." Supr. Ct. R. 42(b)(i). The Decision satisfies neither criterion. At base, Plaintiff argues that a clearer doctrine on the question of who decides substantive arbitrability would be beneficial to the bar at large and that it is an "important issue." As Justice Zurn, wrote while serving on this court: "While guidance from the high court is

14

always helpful, I do not believe the Rule 42(b)(iii) factors support obtaining it through an extraordinary interlocutory appeal in this case." *Thomas v. Am. Midstream GP, LLC*, 2025 WL 53174, at \*3 (Del. Ch. Jan. 9, 2025), *appeal refused*, 339 A.3d 752 (Del. 2025).

18.  After careful consideration of all the factors identified in Supreme Court Rule 42(b)(iii),[24] the court concludes that the likely benefits of interlocutory review do not outweigh the probable costs, such that interlocutory review is in the interests of justice.

19.  The court concludes that the Decision did not decide an issue of material importance and did not present exceptional circumstances that would warrant interlocutory review.  *See On v. Kulak*, 339 A.3d 1231 (Del. 2025) (ORDER).  Therefore, certification of an interlocutory appeal is not appropriate under Supreme Court Rule 42, and the Application is **DENIED**.

*/s/ Paul A. Fioravanti, Jr.*
Vice Chancellor

---

[24] The court has also considered the factors set forth in Supreme Court Rule 42(b)(iii)(A), (C), (D), (E), (F) and (G) which were not cited by Plaintiff as supporting the Application. This court does not find that they support the Application.